UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| ROANE COUNTY, TENNESSEE, THE CITY OF KINGSTON, TENNESSEE, and THE CITY OF HARRIMAN, TENNESSEE, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:19-cv-206-TAV-HBG ) |
| JACOBS ENGINEERING GROUP, INC., and THE TENNESSEE VALLEY AUTHORITY, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This civil case is before the Court on Plaintiffs' Motion for Extension of Briefing Schedule Deadlines with Respect to Pending Motions to Dismiss [Doc. 73]. Plaintiffs move pursuant to Rule 6(b) of the Federal Rules of Civil Procedure for a forty-five-day extension (to May 1, 2020) of the deadline to respond to defendants' motions to dismiss and an extension of defendants' deadline to reply to their response (to May 28, 2020). Rule 6(b) provides that the Court may grant plaintiffs' request for such extensions "for good cause." Fed. R. Civ. P. 6(b). Plaintiffs offer two reasons for their request. First, they claim that defendant's motion to dismiss was converted to a motion for summary judgment by the addition of matters outside the pleadings; thus, they argue, good cause exists to extend the deadline so that plaintiffs may take discovery before responding. Second, plaintiffs

state that the COVID-19 pandemic has affected counsel's schedule and obligations and constitutes good cause for the requested extension.

Defendants do not object to the requested forty-five-day extension and agree that the COVID-19 pandemic provides good cause for the extension [Docs. 74, 76]. In light of this agreement, and for good cause shown with respect to the impact of the COVID-19 pandemic on counsel's schedule and obligations, the Court will **GRANT in part** plaintiffs' motion [Doc. 73] to the extent that the deadline for plaintiffs to respond to defendants' motions to dismiss is extended to May 1, 2020, and defendants' replies are due May 28, 2020.

Defendants do, however, oppose plaintiffs' effort to seek discovery during the agreed-upon forty-five-day extension, arguing that discovery is not necessary to respond to a motion to dismiss. Thus, remaining before the Court is the issue of whether plaintiffs may pursue discovery during the forty-five-day extension. Because the matters submitted by defendants do not require that the Court convert their Rule 12 motions to Rule 56 motions, the Court concludes that plaintiffs are not entitled to the requested discovery at this stage. Thus, plaintiffs' request for discovery to respond to defendants' motions is **DENIED**.

Plaintiffs appear to argue that an extension to pursue discovery is warranted pursuant to Rule 56(d)(2) of the Federal Rules of Civil Procedure [Doc. 73 p. 2–3; Doc. 73-1], which provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . allow

time to obtain affidavits or declarations or to take discovery . . . ." Fed. R. Civ. P. 56(d). But, Rule 56 governs motions for summary judgment, and the instant request is for an extension to respond to motions to dismiss pursuant to Rule 12(b). Thus, plaintiffs' request for discovery is predicated on their argument that defendants have, pursuant to Rule 12(d), converted their intended Rule 12 motions into motions for summary judgment pursuant to Rule 56 by supplying matters outside the pleadings.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Sixth Circuit has taken a "liberal view" of matters falling within the pleadings for purposes of Rule 12(d), *Armengau v. Cline*, 7 F. App'x 336, 334 (6th Cir. 2001). The Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Additionally, the Court may consider "matters of which a court may take judicial notice, and letter decisions of governmental agencies." *Armengau*, 7 F. App'x at 334 (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). Further, extrinsic materials that "'fill in the contours and details' of a complaint," too, may be considered without converting the motion to one for summary

3

judgment. *Id.* (quoting *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997)).

Here, defendants have submitted numerous documents along with their motions to dismiss [Docs. 63-1 through -5; Docs. 67-1 through -17]. The Court will discuss defendant TVA's attachments before turning to defendant Jacobs'.

Defendant TVA's attachment of documents to its motion to dismiss does not convert the motion to one for summary judgment. Defendant TVA submitted (1) copies of the proposed amended complaint in this case [Doc. 59-1] that are "redlined" to show how it compares to other complaints [Docs. 63-1 (comparing it to the class action complaint in *Delozier v. Jacobs Engineering Group, Inc.*, No. 3:19-cv-451), 63-2 (comparing it to plaintiffs' previous proposed amended complaint, Doc. 32-1)] and (2) excerpts [Docs. 63-3, 63-5], as well as a complete copy [Doc. 63-4], of the "Kingston Fly Ash Recovery Project Non-Time-Critical Removal Action Embayment/River System Action Memorandum," a memo prepared by TVA in which the EPA approved one of three proposed actions to address potential ecological risks associated with ash deposits in certain areas.

First, the copies of the proposed amended complaint that have been redlined [Docs. 63-1, 63-2] are referenced only in connection with defendant TVA's argument that plaintiffs lack standing, which go to this Court's jurisdiction and are therefore made pursuant to Rule 12(b)(1) [Doc. 63 p. 7–11]. Thus, Rule 12(d), which applies only to Rule

4

12(b)(6) and 12(c) motions, is not implicated with respect to the redlined complaints. *See* Fed. R. Civ. P. 12(d).

However, Rule 12(d) is implicated with respect to the "Kingston Fly Ash Recovery Project Non-Time-Critical Removal Action Embayment/River System Action Memorandum" [Docs. 63-3, 63-4, 63-5]. Defendant TVA's motion pursuant to Rule 12(b)(6) argues, in part, that all of plaintiffs' claims (except for their temporary public nuisance claim) should be dismissed because they are time-barred [Doc. 63 p. 14–18]. Defendant TVA attaches the Memo [Doc. 63-4] and the excerpts [Docs. 63-3, -5] in support of this argument. Specifically, defendant TVA argues that plaintiffs knew or should have known of the potential harms posed by coal ash constituents—and thus their complained-of injuries—at least as early as August 2012, when, as evidenced by documents in the Memo [Doc. 63-5], plaintiff Roane County's Environmental Review Board was "actively participating in the CERCLA public comment process on the [issue of potential ecological risks associated with ash deposits in certain areas]" [Doc. 63 p. 17]. Thus, because the Memo is attached in support of defendant TVA's Rule 12(b)(6) motion, Rule 12(d) is implicated with respect to the Memo [Doc. 63-4] and the excerpts [Doc. 63-3, -5].

The attachment of the Memo does not, however, convert defendant TVA's motion to one for summary judgment because the existence and contents of the Memo are matters of which a court may take judicial notice. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

5

accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201. The Court finds that the existence and contents of the Memo are not subject to reasonable dispute. As defendant TVA notes, the Memo "is published to TVA's government website for the Kingston Recovery Project" [Doc. 63 p. 16 n.7]. And "the Court may take judicial notice of public records and government documents available from reliable sources on the Internet." *Mitchell v. Tenn. Valley Auth.*, No. 3:14-CV-360-TAV-HBG, 2015 WL 1962203, at *4 n.2 (E.D. Tenn. Apr. 30, 2015) (citing *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003); *Paralyzed Veterans of Am. v. McPherson,* No. C06–4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008)). The Court therefore finds that the Memo does not convert defendant TVA's Rule 12(b)(6) motion to a Rule 56 motion. *See Jones v. City of Cincinnati*, 521 F.3d 555, 561–62 (6th Cir. 2008) ("A court may consider public records without converting a Rule 12(b)(6) motion into a Rule 56 motion." (citing *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999)).

Next, the Court need not convert defendant Jacobs' motion to dismiss to a motion for summary judgment. Defendant Jacobs has submitted various new articles, press releases, and similar sources [Docs. 67-1, -2, -8, -9, -15, -16], records of various governmental bodies [Docs. 67-3, -4, -5, -6, -7, -14], various court filings [Docs. 67-10, -11, -12, -13], and a document referred to in plaintiffs' complaint [Doc. 67-17].

Each of these documents is cited in support of defendant Jacob's motion to dismiss pursuant to Rule 12(b)(6), which, like defendant TVA's 12(b)(6) motion, argues, in part, that plaintiffs' claims (except for their temporary public nuisance claim) is barred by the

6

statute of limitations because plaintiffs knew or should have known of their claims more than three (3) years before filing this action [Doc. 65 p. 10 (citing Tenn. Code Ann. § 28-3-105(1))]. The attachment of these documents therefore, like those attached in support of defendant TVA's Rule 12(b)(6) motion, implicates Rule 12(d).

First, the attachment of the Site Wide Safety and Health Plan ("SWSHP") [Doc. 67-17] does not convert the motion to one for summary judgment because it is "referred to in the Complaint and [is] central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citing *Amini*, 259 F.3d at 502). Specifically, the complaint repeatedly references the SWSHP, a plan to manage the site cleanup that was developed by defendant Jacobs and approved by defendant TVA and was to be mandatorily followed. And, plaintiffs allege defendants failed to comply with the SWSHP in connection with their claims for fraudulent concealment [Doc. 59-1 ¶ 257], negligence [*Id.* ¶ 290], and offensive non-mutual collateral estoppel [*Id.* ¶ 372]. Thus, the Court concludes that he attachment of this document to defendant Jacobs' motion to dismiss does not require conversion to a motion for summary judgment. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Next, the attachment of various court filings and court orders from other cases arising out of the ash spill do not require that the Court convert defendant Jacobs' motion pursuant to Rule 12(d) because these documents are public records subject to judicial notice. The complaints in *Blanchard v. Tennessee Valley Authority*, No. 3:09-cv-09, [Doc. 67-10] and *Adkisson v. Jacobs Engineering Group, Inc.*, No. 3:13-cv-505, [Doc. 67-12], the order dismissing the claims in light of the parties' settlement in *In re TVA Ash Spill*

7

*Litigation* [Doc. 67-11], and the jury trial transcript in *Adkisson* [Doc. 67-13] are public court records. *Commercial Money Ctr., Inc. v. Ill. Ins. Co.*, 508 F.3d327, 336 (6th Cir. 2007) (holding that the attachment of an amicus brief filed in a different case did not compel the conversion of a Rule 12(c) motion to a Rule 56 motion); *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (taking judicial notice of municipal court records). "[A]s they are court records, this court may take judicial notice of them." *Lynch*, 382 F.3d at 647 n.5 (citation omitted); *see also Platt v. Bd. of Comm'rs on Grievs. & Discipline*, 894 F.3d 235, 245 (6th Cir. 2018); *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."). Because these documents are matters of which the Court may take judicial notice, their attachment to defendant Jacobs' motion to dismiss does not convert the motion to one for summary judgment. *See Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) ("[A] court may take judicial notice of other court proceedings without converting the motion into one for summary judgment.").

Similarly, the records of various governmental bodies before the Court [Docs. 67-3, -4, -5, -6, -7, -14] are also public records, the existence and contents of which are not subject to reasonable dispute, and thus, defendant Jacobs' attachment of these records does not require conversion of the motion pursuant to Rule 12(d). Specifically, the Roane County Commission and Roane County Environmental Review Board documents [Docs.

67-4 through -7] are minutes of a government agency's board meetings, which are public records, and as such, they are subject to judicial notice. *See McBride v. McLean Cty.*, 397 F. Supp. 3d 1198, 1206 (C.D. Ill. 2019); *Webb v. Cty. of El Dorado*, No. 2:15-cv-1189, 2016 WL 4001922, at *2 (E.D. Cal. July 25, 2016) ("Minutes of a government agency's board meeting may be judicially noticed as public records." (citing *Sumner Peck Ranch, Inc. v. Bureau of Reclamation*, 823 F. Supp. 715, 724 (E.D. Cal. 1993)). The On-Scene Coordinator Report [Doc. 67-3] and the Completion Report [Doc. 67-14] are also public records subject to judicial notice, because like the Memo attached to TVA's motion [Doc. 63-4], which the Court discussed *supra*, these reports are published to TVA's government website [Doc. 67 ¶¶ 4, 15], and the Court may "take judicial notice of public records and government documents available from reliable sources on the Internet." *Mitchell*, 2015 WL 1962203, at *4 n.2. In sum, these documents are subject to judicial notice as public records and therefore do not require that the Court convert defendant Jacobs' motion to one for summary judgment. *See Jones*, 521 F.3d at 561–62.

Finally, the Court finds that the fact of the existence of various new articles, press releases, and related sources attached to defendant Jacobs' motion [Docs. 67-1, -2, -8, -9, -15, -16] as an indication of what information was in the public realm are subject to judicial notice. Generally, news reports and similar source cannot be judicially noticed for the truth of their contents. *Platt*, 894 F.3d at 245. But such sources can be judicially noticed for facts such that a fact was printed or "that a collection of numerous articles to show that a fact was widely known." *Bradacs v. Haley*, 58 F. Supp. 3d 499, 511 (D.S.C. 2014) (citing

9

*Shahar v. Bowers,* 120 F.3d 211, 214 n.5 (11th Cir. 1997); *In re Cree, Inc. Secs. Litig.,* 333 F. Supp. 2d 461, 470 (M.D.N.C. 2004); *Caner v. Autry,* 16 F. Supp. 3d 689, 696 n.11 (W.D. Va. 2014)); *see also In re Am. Apparel, Inc. Shareholder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Taking judicial notice of news reports and press releases is appropriate for show 'that the market was aware of the information contained in news articles . . . .'" (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir.1999)). Thus, for the limited purpose of establishing what information was within the public realm, the Court concludes that the Tennessean article [Doc. 67-1], the press release by Randy Ellis [Doc. 67-2], the "collection of numerous articles," *Bradacs*, 58 F. Supp. 3d at 511, from the Knoxville News-Sentinel [Doc. 67-8] as well as the two specific Knoxville News-Sentinel articles attached [Docs. 67-15, -16], and the letter from the District Attorney General serving Roane County to the Commissioner of TDEC [Doc. 67-9], which was circulated to various media outlets [Doc. 67 ¶ 10] are subject to judicial notice. Accordingly, these documents do not require that the Court convert defendant Jacobs' motion pursuant to Rule 12(d).

In conclusion, given the parties' agreement, and for good cause shown, the Court will **GRANT in part** plaintiffs' motion [Doc. 73] to the extent that the deadline for plaintiffs to respond to defendants' motions to dismiss is extended to May 1, 2020, and defendants' replies are due May 28, 2020. However, given this Circuit's "liberal view" of matters which the Court may consider in ruling on a Rule 12 motion, *Armengau*, 7 F. App'x at 334, the Court finds that the documents attached to defendants' motions do not require

10

conversion of their Rule 12 motions. Accordingly, the motion [Doc. 73] is **DENIED in part** to the extent that the Court finds that plaintiffs are not entitled to the requested discovery pursuant to Rule 56.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE