UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROANE COUNTY, TENNESSEE, ) <br> THE CITY OF KINGSTON, TENNESSEE, ) <br> and THE CITY OF HARRIMAN, ) <br> TENNESSEE, ) <br> ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JACOBS ENGINEERING GROUP, INC. and ) <br> THE TENNESSEE VALLEY AUTHORITY, ) <br> ) <br>       Defendants. ) | No. 3:19-CV-206-TAV-HBG |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court via telephone on July 7, 2020, for a status conference concerning a discovery dispute. Attorneys Patrick Lanciotti, Louise Caro, and Keith Stewart appeared on behalf of Plaintiffs. Attorneys Jay Williams and James Chase appeared on behalf of Defendant Tennessee Valley Authority ("TVA"), while Attorneys Catherine Anglin and Jeremy Smith appeared on behalf of Defendant Jacobs Engineering Group, Inc. ("Jacobs Engineering").

On May 29, 2020, the Court granted Plaintiffs' unopposed Motion for Extension of Time to Complete Discovery [Doc. 83], ordering Plaintiffs' to serve (i) supplemental initial disclosures and written responses addressing issues raised by counsel for Defendant TVA in a March 13, 2020 letter; (ii) their respective responses to Defendant TVA's First Interrogatories and Requests for Production to each Plaintiff; and (iii) their respective responses to Defendant Jacobs Engineering's First Sets of Interrogatories and Requests for Productions to each Plaintiff on or before June 29,

2020. [Doc. 86]. However, Plaintiffs failed to serve the discovery responses discussed in the May 29, 2020 Order by the Court's previously imposed deadline.

During the July 27 telephone conference, the Court reviewed the parties' submitted positions statements regarding the discovery dispute. Plaintiffs stated that they failed to file a motion for an extension of time to complete discovery by the Court's June 29, 2020 deadline, but that they were unable to respond to Defendants' discovery due to delays stemming from the COVID-19 virus, in part due to Plaintiffs' status as governmental entities. However, Plaintiffs submitted to the Court that the requested discovery would be produced by July 28, 2020.

Defendant TVA responded that Defendants served their interrogatories and requests for Production on Plaintiffs on February 25, 2020, and the deadline for Plaintiffs' responses has already been extended several times. Defendant TVA requested a stay of their discovery deadlines commensurate with any extension granted to Plaintiffs, as well as a finding that Plaintiffs have waived all objections to Defendant TVA's written discovery and the imposition of any other sanctions that the Court deems proper. Defendant Jacobs Engineering stated a similar position to Defendant TVA, as well as asserted that Plaintiffs have missed three discovery deadlines without contacting Defendants in advance.

Ultimately, the Court finds that Plaintiffs violated the Court's previous May 29, 2020 Order by failing to timely respond to Defendants' discovery requests or file a motion requesting an extension of time to complete discovery. Federal Rule of Civil Procedure 37 governs the use of sanctions with respect to discovery failures. Specifically, Rule 37(b)(2) provides as follows:

> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A); *see also* Fed. R. Civ. P. 37(c)(1) (discussing sanctions for failure to supplement discovery). Further, Rule 37(b)(2)(C) provides:

> **(C)** *Payment of Expenses.* Instead of or in addition to the orders above, the court **must** order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). In determining whether sanctions are appropriate pursuant to Rule 37, the Sixth Circuit has utilized four factors. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Specifically, the Sixth Circuit has explained as follows:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

3

*Id.* "A court is vested with wide discretion in determining an appropriate sanction under Rule 37." *Little Hocking Water Assn., Inc. v. E.I. du Pont de Nemours & Co.*, 94 F. Supp. 3d 893, 902 (S.D. Ohio 2015).

As mentioned above, the Court ordered Plaintiffs to respond to discovery on or before June 29, 2020. While Plaintiffs did not act in bad faith, they failed to comply with the Court's previous Order. Further, Plaintiffs only offered generalized COVID-19 concerns and made no effort to avoid violating the Court's previous discovery Order by filing a request for an extension of time. The discovery at issue was served on Plaintiffs before the onset of the COVID-19 virus, and Plaintiffs have failed to comply with their discovery obligations—despite several stipulated extensions of their time to respond. Therefore, the Court finds sanctions appropriate in the present case.

First, Plaintiffs **SHALL** serve the discovery responses as required in the Court's May 29, 2020 Order **on or before July 28, 2020**. Plaintiffs committed to complete the discovery at issue on or before this date during the Court's telephone conference. Defendants' deadlines to serve its discovery responses set forth in the May 29, 2020 Order **SHALL** be extended commensurate with the extension of time granted to Plaintiffs. The Court reserves ruling on the issue of Plaintiffs' waiver of all objections to Defendants' written discovery upon further review of Plaintiffs' discovery responses.

Lastly, given the circumstances, the Court finds an award of attorney's fees appropriate. *See* Fed. R. Civ. P. 37(b)(2)(C) (explaining that instead of or in addition to other sanctions, the court must order the disobedient party, the attorney, or both, to pay the reasonable expenses caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust). Accordingly, Plaintiffs **SHALL** pay Defendants' reasonable attorney's fees

4

and costs incurred **for bringing this issue before the Court**.  Defendants **SHALL** present that amount to Plaintiffs on or before **July 21, 2020**.  If Plaintiffs dispute the reasonableness of Defendants' attorney's fees, Plaintiffs **SHALL** immediately bring the matter to the Court's attention.

Lastly, as previously stated, the Court will not allow any further extensions to Plaintiffs absent extraordinary circumstances and any violations of this Order will result in sanctions, up to and including, a recommendation of dismissal.

**IT IS SO ORDERED**.

ENTER:

*/s/ Bruce Guyton*
United States Magistrate Judge