UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROANE COUNTY, TENNESSE, ) <br> THE CITY OF KINGSTON, TENNESSEE, ) <br> and THE CITY OF HARRIMAN, ) <br> TENNESSEE, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> JACOBS ENGINEERING GROUP, INC. and ) <br> THE TENNESSEE VALLEY AUTHORITY, ) <br>  ) <br> Defendants. ) | No. 3:19-CV-206-TAV-HBG |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on August 13, 2020. Attorneys Keith Stewart, James Scott, and Tyler Roper appeared on behalf of Plaintiffs. Attorneys Jay Williams and James Chase appeared on behalf of Defendant Tennessee Valley Authority ("TVA"), while Attorney Dwight Tarwater appeared on behalf of Defendant Jacobs Engineering Group. In preparation of the telephone conference, the parties each submitted to Chambers a position statement regarding the present discovery dispute.

**I.  POSITIONS OF THE PARTIES**

Defendant TVA challenges Plaintiffs' initial disclosures, claiming that Plaintiffs have failed to provide such disclosures and discovery responses on damages sufficient to satisfy the order of this Court or the Rules of Civil Procedure. Defendant TVA claims that Plaintiffs have failed to provide any explanation for their claim of $900 million in compensatory damages, any

computation for the multiple categories of historic damages, or any methodology for calculating future damages. Instead, Defendant TVA maintains that Plaintiffs are improperly attempting to delay making their damages disclosures until the expert disclosure deadline, thereby prejudicing Defendants' attempts to conduct discovery on Plaintiffs' damages claims.

Defendant TVA notes that in Plaintiffs' initial disclosures, they failed to articulate any damages, but merely stated that Plaintiffs' experts and other witnesses would testify regarding such amounts. Additionally, Defendant TVA alleges that Plaintiffs failed to supplement these deficient disclosures despite an extension [Doc. 86] and Court order [Doc. 90]. Defendant TVA further claims that they attempted to obtain damages information and supporting documentation through Interrogatories and Requests for Production, specifically Interrogatory No. 2, but Plaintiffs have responded saying that such requests are premature and such information will be available after the retention of experts to develop models and perform regression analyses. Lastly, Defendant TVA requests that all of Plaintiffs' objections should be deemed waived and Plaintiffs should be precluded from offering any evidence of damages at trial.

Defendant Jacobs Engineering similarly claims that Plaintiffs have provided insufficient Rule 26(a)(1) disclosures, including supplemental disclosures, and responses to Defendants' interrogatory requests with respect to Plaintiffs' alleged damages. Defendant Jacobs Engineering notes that Plaintiffs have an obligation under Rule 11 to investigate their claims prior to alleging the damages amount, and under Rule 26, they are further obligated to disclose the best information they have at the present time regarding their damages calculation. Additionally, Defendant Jacobs Engineering alleges that rather than providing the required disclosures and supplemental disclosures, Plaintiffs have merely claimed that they will rely on expert proof to be proven at trial for each claimed type of damages. Defendant Jacobs Engineering also points to Plaintiffs' failure

to provide responsive answers to their discovery requests related to the claimed damages, including Interrogatory Nos. 6, 8(d), 8, and 11.

Plaintiffs claim, however, that they have diligently complied with and continue to meet their Rule 26 initial disclosure obligations related to damages. Plaintiffs claim that Defendants' request that they be precluded from offering any evidence related to damages at trial should be denied because Defendants have not moved to compel any damages calculations; they have produced several documents, including county-wide property tax reassessment data, which speak directly to the damage calculations; Defendants have not produced any discovery in this matter at this time; and such a request is a drastic sanction. Plaintiffs note that they have provided over 10,940 pages of responsive documents and 204 pages of written responses to Defendants' discovery requests.

With respect to the initial disclosures, Plaintiffs allege that they provided amended disclosures pursuant to the Court's July 7, 2020 Order [Doc. 90] on July 30, 2020, which included summarizing the anticipated methodology in calculating damages regarding loss of prospective tax revenue, past and future medical expenses, and public nuisance. Plaintiffs further claim that they supplemented their initial disclosures again on August 10, 2020—in response to Defendants' letter claiming certain deficiencies—by including over a dozen factors and economic data points that they intended to rely upon to ascertain their economic damages, related to sales and property tax revenue. Additionally, Plaintiffs state that they disclosed their methodology of how Plaintiffs' loss of prospective tax revenue damages would be calculated.

Therefore, Plaintiffs claim that their initial disclosures and interrogatory responses are compliant with Rule 26, largely citing to *City & Cnty. Of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219 (N.D. Cal. 2003). Plaintiffs assert that their extensive damages calculations are

3

matters of expert discovery, in order to calculate the various categories of claimed damages, and thus they do not have the full information necessary to provide the requested calculations. Plaintiffs maintain that the identified $900 million in their Complaint is claiming a fair amount up to that figure to be determined by experts at a later date.

## II.     ANALYSIS

Rule 26 requires a party to provide the opposing party "a computation of each category of damages claimed" as well as "the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.,* 596 F.3d 357, 366–67 (6th Cir. 2010) (quoting Fed. R. Civ. P. 26(a)(1)(A)(iii)).  Courts have explained that the "documentation and evidence required by Rule 26 must be sufficient to allow the opposing party to 'independently analyze' the claim." *Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2016 WL 4468000, at *5 (N.D. Ohio Aug. 23, 2016) (citing *Bessemer*, 596 F.3d at 370); *see also Scheel v. Harris*, No. 3:11-17-DCR, 2012 WL 3879279, at *4 (E.D. Ky. Sept. 6, 2012) (quoting *Bessemer*, 596 F.3d at 370); *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2012 WL 1596722, at *7 (E.D. N.C. May 7, 2012) (explaining that "Rule 26(a)(1)(A)(iii) and Rule 26(e) are designed to provide a damages computation and analysis during discovery" so that the "opposing party may then prepare to meet that evidence via cross examination and via evidence in its rebuttal case (such as its own expert witness).").

Ultimately, the Court finds that Plaintiffs' initial damages disclosures and interrogatory responses are sufficient under Rule 26.  At this time, Plaintiffs have identified specific categories of claimed damages and generally explained the methodology to be used to calculate actual amounts.  *See City & Cnty. Of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D.

Cal. 2003) ("So long as Plaintiffs timely fulfill their disclosure obligations, they will not be prejudiced for making initial disclosures that are revised."), *cited in Caruana v. Marcum*, No. 3:01-CV-1567, 2016 WL 4060691, at *5 (M.D. Tenn. July 28, 2016). By providing the general categories of claimed damages, in addition to the disclosure that such computation will rely upon the consultation of experts, Plaintiffs have provided sufficient information to allow Defendants to "independently analyze" their damages claim at this time. *Bessemer*, 596 F.3d at 370; *see, e.g.*, *Hesco Parts, LLC v. Ford Motor Co.*, No. 3:02-CV-736-S, 2007 WL 2407255, at *2 (W.D. Ky. Aug. 20, 2007) ("The court concludes that although the defendants are not entitled to early disclosure of the plaintiff's expert report, the plaintiff's initial disclosures should provide its executives' assessment of damages in light of the information currently available to them in sufficient detail so as to inform the defendants of the contours of their potential exposure."). "The purpose of initial disclosures, after all, is to accelerate the exchange of *basic* information, rather than admissible evidence, and to assist the parties in focusing and prioritizing their organization of discovery." *Id.* (citing *Tutor-Saliba Corp.*, 218 F.R.D. at 221). Here, the Court also agrees with Plaintiffs' argument that Defendants are not uninformed as to the claimed categories of damages.

Defendants claim that Plaintiffs have failed to comply with the Court's July 7, 2020 Order wherein the Court sanctioned Plaintiffs and ordered them to provide their supplemental initial disclosures and responses to Defendants' interrogatories. However, the Court finds that Plaintiffs' provided initial disclosures, as well as supplemental disclosures, are sufficient at this time under Rule 26—subject to their continued obligation to supplement such information regarding their claimed damages. The Court also notes that an Amended Scheduling Order was recently entered in this case, extending the period for fact discovery.

Plaintiffs, however, will be required to continually supplement this discovery as additional

information regarding their damages claims becomes available.  *See, e.g.*, *Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2016 WL 3211226, at *3 (M.D. Tenn. Jan. 12, 2016) ("Initial disclosures do not require exacting perfection, but the party is expected to supplement this disclosure as pertinent data and documents become available.") (citing Fed. R. Civ. P. 26(e)(1)).  As detailed in their response, Plaintiffs claim that they will supplement their initial disclosures with a detailed calculation provided by their expert witness prior to the expert disclosure deadline under Rule 26(a).  The Court directs the parties to the rationale set forth by the Western District of Kentucky in *Hesco Parts*, stating "[i]t would be useful to the defendants to know, at a minimum, the categories of damages contemplated and the basis of the $20 million averment, as well as whether and to what degree that early assessment has been increased or decreased in the view of *Hesco*, even if a precise and ultimate computation of damages is more properly to be produced as part of the plaintiff's expert disclosures."  2007 WL 2407255, at *2.

Disclosures under Rule 26(a) must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  The "meaning of 'timely manner' varies with the facts and circumstances of each case, but courts generally take into account whether the supplementation occurred within thirty days of obtaining the information and whether the party supplemented the disclosure before discovery closed."  *Riverfront Dev., Inc. v. Wepfer Marine, Inc.*, No. 2:16-CV-02553-SHL-CGC, 2018 WL 3043325, at *5 (W.D. Tenn. May 14, 2018) (citing *EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016)).  Failing to provide the information required by Rule 26(a) and (e) may preclude use of that information in motions, at hearings, and at trial unless the "failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see also Griffin Indus., Inc. v. Rest. Techs., Inc.*, No. 3:06-CV-444-R, 2008 WL 11357862, at *6 (W.D. Ky. Dec. 18, 2008)

6

("Accordingly, Griffin was in plain violation of Rule 26(a) and (e) when it delayed until September 29, 2008, the final day before RTI's expert witness designation was due, to finally reveal its damages calculations.").

## III. CONCLUSION

Therefore, for the reasons stated above, the Court will decline to order any supplemental initial disclosures or impose sanctions against Plaintiffs at this time. However, Plaintiffs are reminded of their obligation under Rule 26 to continually supplement their initial disclosures regarding their damages calculation in a timely manner.

**IT IS SO ORDERED**.

ENTER:

*Bruce Guyton*
United States Magistrate Judge

7
Case 3:19-cv-00206-TAV-HBG   Document 105   Filed 09/03/20   Page 7 of 7   PageID #: 4318